**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ANTONIO S. BROWN** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:14-cv-113-DCB-MTP**

**DEWAYNE HOLMES, ET AL.** **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before to Court on Plaintiff's Motion for Default Judgment [21]. Having carefully considered the Motion and the record, the undersigned recommends that the Motion [21] be DENIED.

On December 1, 2014, Plaintiff filed his Complaint [1]. On January 16, 2015, a Monique Bernard accepted service on behalf of Defendant Dewayne Holmes. *See* Return [17]. On February 24, 2015, Plaintiff filed his Motion [21] asking the Court to enter a default judgment against Defendant Holmes. On March 2, 2015, Defendant Holmes filed an Answer [23] to the Complaint. On May 4, 2015, Defendant Holmes filed his Response [30] in opposition to Plaintiff's motion for default judgment.

"[A] party is not entitled to a default judgment as a mater of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Id*. (quoting *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Courts favor resolving cases on their merits. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Default judgment "should not be granted on the claim, without more, that the defendant had failed to

meet a procedural time requirement." *Mason & Manger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).

As previously mentioned, Monique Bernard ostensibly accepted service on behalf of Defendant Holmes. *See* Return [17]. According to Defendant Holmes, he never authorized Monique Bernard to accept service of process on his behalf. *See* Response [30]. Defendant Holmes also asserts that Ms. Bernard never provided him with a summons or a copy of the complaint. *Id*. Entry of a default judgment is not appropriate under the circumstances. Plaintiff has not demonstrated that Defendant was properly served. Additionally, the record does not indicate that Plaintiff has suffered any prejudice due to any delay. Thus, Plaintiff's Motion for Default Judgment [21] should be DENIED in order that the claims and defenses may be considered on their merits.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs.*

*Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 7th day of May, 2015.

s/ Michael T. Parker
United States Magistrate Judge